[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT GAROFALO'S MOTION FOR SUMMARYJUDGMENT (#112)
The plaintiff has alleged that the defendant Roy Garofalo, an off-duty Derby police officer, refused to intervene when the plaintiff was assaulted in his presence in a Derby restaurant thereby causing him personal injury.
This defendant has now moved for summary judgment, arguing that the plaintiff has failed to state a cause of action principally because the movant had no duty to intervene. The movant argues that since he was off-duty he could not be called upon to act as a police officer unless he chose to act in his official capacity.
The movant also argues that the plaintiff has not adequately alleged facts to support a claim of malicious conduct and that there is no legal or factual basis upon which proximate cause could be established.
The precise issue is whether an off-duty police officer, in his own jurisdiction, has an obligation to act when a crime occurs in his presence. The movant has not addressed this exact issue. The plaintiff argues that Conn. Gen. Stats. § 54-1f(a) mandates intervention. Neither party has provided any caselaw directly on point. Neither party has referred to whatever duty may be imposed under Derby's ordinances.
In the face of a statute similar to § 54-1f(a), the Texas Court of Appeals has held that an officer's off-duty status is not a limitation upon his discharge of police authority in the presence of criminal activity. Firemen's Policemen's Civ. Serv.v. Burnham, 715 S.W.2d 809 (Tex.App.-Austin 1986). This court agrees. To allow a police officer in his own jurisdiction to CT Page 4255-OOOO stand by and do nothing when a crime is committed in front of him contradicts his oath of office as well as sound public policy reflected in § 54-1f(a)
Furthermore, our Connecticut Supreme Court has recognized the existence of a duty to act in situations where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. Shorev. Stonington, 187 Conn. 147 (1982). Whether such may be the case here is a mixed question of law and fact which remains unresolved.
The issues of proximate cause and maliciousness remain unresolved material questions of fact for the jury. These are historically fact-bound questions which are inappropriate for summary judgment. They remain so in the context of this case. Based on the foregoing this motion is denied.